UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAFET PEREZ RODRIGUEZ,

Petitioner,

v.

CALIFORNIA CITY PROCESSING
CENTER,

Respondent.

No.  1:26-cv-4025 DAD AC

ORDER

Petitioner, a self-represented immigration detainee, has filed what appears to be an appeal of a bond denial.  ECF No. 1.  The appeal is accompanied by a fee waiver request, which the court construes as an application to proceed in forma pauperis.  ECF No. 2.  Examination of the application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

Rule 4 of the Habeas Rules Governing Section 2254 Cases[1] requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  In this case, it is unclear whether petitioner intended to submit his appeal to this court or whether he intended to submit it

---

[1]  Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

1

to the Board of Immigration Appeals (BIA).  An appeal of the denial of bond by an immigration judge must be submitted in the first instance to the BIA, as this court lacks appellate authority over immigration court rulings.  Accordingly, the Clerk of the Court will be directed to return a copy of petitioner's filings to him.

If petitioner's intent was to seek habeas relief in this court, his challenge to the denial of his request for bond still may not be considered by this court because petitioner has not exhausted administrative remedies or shown that exhaustion should be excused.  Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (if an individual is "dissatisfied with the IJ's bond determination, they may file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA'" (alteration in original) (quoting Prieto-Romero v. Clark, 534 F.3d 1053, 1059 (9th Cir. 2008))); Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (exhaustion can be excused where "pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." (quoting SEC v. G.C. George Sec., Inc., 637 F.2d 685, 688 (9th Cir. 1981))).

However, because petitioner may be attempting to challenge the legality of his current detention, he will be given an opportunity to file an amended petition.  If petitioner is seeking to challenge the legality of his detention, he must (1) explain why he believes that his detention is unlawful and (2) include facts to support his claim, including the circumstances of his present detention and any prior detention.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Within thirty days of the service of this order, petitioner may file an amended petition that provides factual allegations to support each claim for relief.  Failure to file an amended petition will result in a recommendation that this action be dismissed for failure to state a claim for relief.

3.  In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal

courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

   4.   The Clerk of the Court is directed to return to petitioner a copy of his appeal and application for a fee waiver (ECF Nos. 1, 2).

DATED: May 27, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE